The judgment of the District Court must be

AFFIRMED.

---

THE B., C. R. & M. R. Co. ET AL. v. ROSS ET AL.

CONVEYANCE: SUBJECT TO INCUMBRANCE: CONSTRUCTION OF CONTRACT.

Appeal from Linn District Court.

SATURDAY, JUNE 8.

THE petition states that the plaintiffs recovered a judgment against I. W. Cresman, which became a lien on certain real estate; that afterward the defendants, in consideration of the conveyance of said real estate to them, agreed and promised in writing to pay said judgment. There was a demurrer to the petition, which, being overruled, the defendants appeal.

J. W. Bull, for appellants.

Hubbard, Clark & Deacon, for appellees.

SEEVERS, J.—But a single question is presented on this appeal, and that is whether the defendants in writing promised and agreed to pay

the plaintiffs' judgment against Cresman; that the promise, if any such was made, was in writing is not denied.

After describing the real estate to be conveyed by Cresman to the defendants, the written agreement proceeds as follows: "Said property to be conveyed by said Cresman by warranty deed, subject only to the sum of six thousand four hundred dollars incumbrances (computing interest to January 1, 1877), which said Ross and Bull assume, so far as the same are found liens on the respective tracts of property."

To assume means "to take, or take upon one's self," and this is undoubtedly what the defendants did; that is to say, they took upon themselves the payment of six thousand four hundred dollars in liens on the real estate. The liens were not identified. In a subsequent writing, however, this was done, and among such was the plaintiffs' judgment. We have no hesitation in holding that the defendants assumed, agreed, and promised to pay the plaintiffs' judgment, and, therefore, the authorities cited by counsel for appellant are not applicable.

AFFIRMED.